Filed 7/21/16  P. v. Kerr CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079385 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041526) |
| v. | |
| MICHAEL DEAN KERR, | |
| Defendant and Appellant. | |

Following his no contest plea to writing checks with insufficient funds (Pen. Code, § 476a, subd. (a)),[1] the trial court sentenced defendant Michael Dean Kerr to a split three-year sentence, consisting of one year in county jail and two years of mandatory supervision.  On appeal, defendant contends the trial court abused its discretion by selecting the upper term of three years.  We disagree and affirm the judgment.

---

[1]      Undesignated statutory references are to the Penal Code.

1

DISCUSSION[2]

Under California's determinate sentencing law, three terms of imprisonment are specified by statute for most offenses.[3] (*People v. Sandoval* (2007) 41 Cal.4th 825, 836.) The choice of the appropriate term rests within the sound discretion of the court. (§ 1170, subd. (b).) In exercising his or her discretion, "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Cal. Rules of Court, rule 4.420(b).)[4] A single valid aggravating factor justifies the upper term. (*People v. Black* (2007) 41 Cal.4th 799, 815.) Abuse of discretion only occurs when the trial court's determination is arbitrary or capricious or exceeds the bounds of reason. (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

As an initial matter, we agree with the People's contention defendant has forfeited his right to challenge the trial court's sentencing decision. "A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial. [Citation.] The rule applies to 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it

---

[2]    We dispense with a recitation of the underlying facts as they are unnecessary to the resolution of this appeal.

[3]    A violation of section 476a, subdivision (a) "is punishable by imprisonment in a county jail for not more than one year, or pursuant to subdivision (h) of Section 1170." (§ 476a, subd. (a).) A felony punishable under section 1170, subdivision (h) is "punishable by a term of imprisonment in a county jail for 16 months, or two or three years." (§ 1170, subd. (h).)

[4]    Undesignated rule references are to the California Rules of Court.

double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons.' " (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751; see *People v. McCullough* (2013) 56 Cal.4th 589, 594-595, 597, 599.) Here, defendant does not dispute he failed to object to the sentence imposed by the trial court. Further, he concedes the sentence was lawful. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 [the unauthorized sentence exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal applies where the sentence "could not lawfully be imposed under any circumstance in the particular case"].)

But even if defendant had not forfeited his right to challenge the trial court's sentencing decision, we would deny his argument on the merits. The trial court selected the upper term because it found that the circumstances in mitigation—defendant was suffering from a mental condition that *may* have reduced his culpability for the crime (rule 4.423(b)(2))[5]—were outweighed by the factors in aggravation—defendant's prior convictions as an adult are numerous (rule 4.421(b)(2)), defendant served a prior prison term (rule 4.421(b)(3)), defendant was on probation when the crime was committed (rule 4.421(b)(4)), and defendant's prior performance on probation was unsatisfactory (rule 4.421(b)(5)). On this record, we discern no abuse of discretion. The record reflects the trial court considered valid aggravating and mitigating criteria in making its sentencing choice. Nothing in the record demonstrates the trial court's decision was arbitrary, capricious, or outside the bounds of reason. Contrary to defendant's contention, the trial court judge did not abuse his discretion by mentioning at the sentencing hearing that he is

---

[5] For purposes of this appeal, we will assume, without deciding, the trial court determined that defendant was suffering from a mental condition that *significantly* reduced his culpability for the crime. (See rule 4.423(b)(2).)

3

normally not inclined to impose split sentences.  Defendant received a split sentence and the aggravating circumstances cited by the trial court justify an upper term sentence.

DISPOSITION

The judgment is affirmed.


        NICHOLSON     , Acting P. J.


We concur:


      BUTZ          , J.


      DUARTE       , J.